IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _Uke_ D.C.

98 MAY 29 PM 5: 12

ROBERT R. DI TROLIO
CLERK, U.S. DIST. CT.
W.D. OF TN. MEMPHIS

|  |  |  |
|---|---|---|
| OTIS CARR, | X | |
| | X | |
| Petitioner, | X | |
| | X | |
| vs. | X | No. 98-2418-G/A |
| | X | |
| WILLIS GIBSON, | X | |
| | X | |
| Respondent. | X | |
| | X | |

---

ORDER OF DISMISSAL
AND
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH

---

Petitioner, Otis Carr, a/k/a Odis Carr, Bureau of Prisons
(BOP) registration number 12265-076, an inmate at the Federal
Correctional Institution at Forrest City, Arkansas has filed a
document styled as a motion under 28 U.S.C. § 2255.

The first issue before the court is what remedy Carr must
invoke. "Section 2255 . . . has been conceived to be limited to
those claims which arise from the imposition of the sentence as
distinguished from claims attacking the execution of the sentence."
Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir.
1977). See United States v. Jalili, 925 F.2d 889, 893 (6th Cir.
1991)("Because defendant Jalili is challenging the manner in which
the sentence is executed, rather than the validity of the sentence
itself, section 2255 does not apply."). Carr complains about the
timing of his sentences and whether he has received proper credit
against his federal sentence for time spent in state custody. The

iris document entered on docket sheet in compliance with Rule 58 and/or
79 (a) FRCP on _6-1-98_ .·

(3)

computation of sentence credits under 18 U.S.C. § 3585(b) is a task reserved for the Attorney General through his designee, the BOP. United States v. Wilson, 503 U.S. 329, 334 (1992). Thus petitioner's remedy is by a habeas petition pursuant to 28 U.S.C. § 2241, not a § 2255 motion. Construing the motion liberally,[1] therefore, the court should treat it as a habeas petition. The proper respondent to a habeas petition is the custodian of the prisoner. The petitioner's custodian in regards to his sentence is the FCI Forrest City Warden, Willis Gibson.

Accordingly, it is therefore ordered that the clerk docket this case as a habeas petition and record the respondent as Willis Gibson. A habeas petition, unlike a § 2255 motion, carries a filing fee of $ 5. The petitioner's motion to proceed in forma pauperis is not signed and does not state the amount of money in his prison account when he filed this petition. Accordingly, his motion is denied. Within eleven (11) days of the entry of this order the petitioner must pay the filing fee or submit a completed affidavit demonstrating his indigency.

Although petitioner may seek relief available through a habeas petition, he has filed this petition in the wrong forum. "The habeas corpus power of federal courts over prisoners in federal custody has been confined by Congress through 28 U.S.C. § 2241 to those districts courts within whose territorial jurisdiction the custodian is located." Wright, 557 F.2d at 77 (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973)). The

---

[1]    See Haines v. Kerner, 404 U.S. 519 (1972).

2

petitioner's custodian is located in Arkansas, not the Western District of Tennessee. This habeas petition should therefore be dismissed for want of jurisdiction.

Alternatively, the court might transfer the petition to the proper court. See, e.g., Matthews v. Meese, 644 F. Supp. 380 (D.D.C. 1986). Under 28 U.S.C. § 1406(a) a case filed in the wrong district should be dismissed unless the interests of justice require a transfer. "The statute explicitly contemplates dismissal unless otherwise warranted." Peckio v. Shay, 708 F. Supp. 75, 76 (S.D.N.Y. 1989). See, e.g., Passic v. State, 98 F. Supp. 1015, 1016 (E.D. Mich 1951)(finding transfer of frivolous habeas petition not in the interest of justice). Once a court determines that venue is improper, it should examine the merits of the plaintiff's action in deciding whether the interest of justice require transfer instead of dismissal. See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th Cir. 1992); Hapaniewski v. Chicago Heights, 684 F. Supp. 1011, 1013-14 (N.D. Ind. 1988), aff'd, 883 F.2d 576, 579 (7th Cir. 1989). See also Shemonsky v. Office of Thrift Supervision, Dep't of Treasury, 733 F. Supp. 892, 895 (M.D. Pa. 1990), aff'd without op., 922 F.2d 833, (3d Cir. 1990)(suit against federal agency dismissed for failure to exhaust administrative remedies, instead of being transferred for improper venue); Safeco Ins. Co. v. Miller, 591 F. Supp. 590, 597 (D. Md. 1984)(transfer would not serve the 'interest of justice' where the case, if transferred, would merely be dismissed in the transferee court); Froelich v. Petrelli, 472 F. Supp. 756, 763 (D. Haw. 1979)(not in interest of

3

justice to transfer case to California because case would simply be dismissed under statute of limitations); <u>Viaggio v. Field</u>, 177 F. Supp. 643, 645 (D. Md. 1959)(not in the interest of justice to transfer case to Pennsylvania, since no hearing would be had on the merits there, and it would be an injustice to the defendant to require him to engage other and additional local counsel in Pennsylvania merely to plead the statute of limitations). The court determines, however, from the face of the application that because the petitioner has not exhausted his administrative remedies and is not entitled to the relief he seeks, the interests of justice do not demand that this petition be transferred.

On May 11, 1990, the Court sentenced Carr in case number 89-20314-G to sixty-four months imprisonment and a four-year period of supervised release. On July 16, 1990, United States District Judge Robert M. McRae (now retired), sentenced Carr in case number 90-20098-4 to seventy-two months imprisonment and a four-year period of supervised release, concurrent with the sentence in 89-20314-G. During his period of supervised release, in April and October of 1996, Carr committed new state crimes of possession of crack and powder cocaine and marijuana with intent to distribute. On December 20, 1996, Carr pled guilty to the supervised release violation, and on January 15, 1997, the court entered a judgment revoking his period of supervised release and imposed a sentence of ten months with no additional period of supervised release. The State of Tennessee also prosecuted Carr for the underlying state offense that triggered the supervised release violation. This

court obtained custody of Carr during the state prosecution by executing a writ of habeas corpus ad prosequendum, and then returned him to state custody after completing the supervised release revocation proceedings. Carr served his state sentence in state custody. On April 28, 1998, the United States Marshal Service delivered him to FCI Forrest City.

Petitioner is not attacking the fact of his federal supervised release revocation, but is complaining that the time he served in state custody should have been credited against his federal sentence. Petitioner is actually asking this court to issue an order declaring how much credit, if any, petitioner will receive for the time spent in state custody.

A federal prisoner may be entitled to credit against his federal sentence for the time spent in state custody before a federal sentence begins. If a federal detainer prevents a prisoner from making bond or otherwise being released from state custody, the prisoner could be entitled to credit for time served in state custody. Cf. McClain v. Bureau of Prisons, 9 F.3d 503, 505 (6th Cir. 1993)(state inmate paroled from state sentence only in custody because awaiting transfer to federal jurisdiction for federal sentence ordered to run concurrent to state sentence entitled to credit from time of parole), on remand, No. 92-2494-G/Bre (W.D. Tenn. Aug. 3, 1994)(denying petition on reconsideration after clarification of facts upon remand--petitioner's parole not actually effective until after federal sentencing); United States v. Haney, 711 F.2d 113 (8th Cir. 1983)(if petitioner would have

5

been granted bail in state court but for the existence of federal charges, he could be entitled to credit for time spent in state custody); Shaw v. Smith, 680 F.2d 1104 (5th Cir. 1982)(same). Cf. Kayfez v. Gasele, 993 F.2d 1288, 1290 (7th Cir. 1993)(pre-judgment detention credit properly awarded to prisoner because concurrent state sentence vacated before federal sentence commenced and state re-sentenced prisoner only afterwards).

The calculation of the term of imprisonment of a federal prisoner is governed by 18 U.S.C. § 3585, which states:

§ 3585.  Calculation of a term of imprisonment

    (a)  Commencement of sentence.  A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.

    (b)  Credit for prior custody.  A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--

        (1)  as a result of the offense for which the sentence was imposed; or

        (2)  as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;

that has not been credited against another sentence.

18 U.S.C. § 3585 (emphasis added).

This court cannot compute sentence credits under 18 U.S.C. § 3585(b), as that task is reserved for the Attorney General. Wilson, 503 U.S. at 334.  Petitioner does not allege that he has

even attempted to exhaust his administrative remedies within the BOP.[2]

Exhaustion of administrative remedies within the BOP is a jurisdictional prerequisite to seeking court review of the BOP's sentence credit calculation. United States v. Westmoreland, 974 F.2d 736, 737-38 (6th Cir. 1992)(district court cannot consider habeas petition asserting right to sentence credits under 18 U.S.C. § 3585(b) until Attorney General has computed credit and petitioner has exhausted administrative remedies). See also Davis v. Keohane, 835 F.2d 1147 (6th Cir. 1987)(requiring exhaustion of administrative remedies within BOP before pursuing habeas relief); Little v. Hopkins, 638 F.2d 953 (6th Cir. 1981)(same). Therefore, Carr's petition must be dismissed.[3]

---

[2]    In addition to administrative review of the sentence credits awarded by the BOP, Carr may also obtain a discretionary designation of the state prison as the place for service of the federal sentence. Under prior law, 18 U.S.C. § 4082(b), the Attorney General retained the discretion to award sentence credits, in effect, by designating nunc pro tunc the state prison as the site for service of a petitioner's federal sentence. Barden v. Keohane, 921 F.2d 476, 479-80 (3d Cir. 1990). The new statute applicable to this case, 18 U.S.C. § 3621, also vests that discretion in the BOP, using the same language as prior law. Petitioner can request a discretionary grant of nunc pro tunc time from the BOP for the period of time actually spent in prison between his federal sentencing and his actual arrival at a BOP institution.

[3]    It should also be noted that a state court cannot force a federal court to impose concurrent sentences or a federal agency to award concurrent time for state sentences. United States v. Smith, 972 F.2d 243 (8th Cir. 1992); Opela v. United States, 415 F.2d 231, 232 (5th Cir. 1969)(construing § 3568); United States v. Avery, No. 90-5216, 1990 WL 118695 (6th Cir. Aug. 15, 1990). Cf. Elliott v. Warden, Seagoville, Texas, 838 F.2d 194 (6th Cir. 1988)(federal court cannot force state to accept federal prisoner). Insofar as a state court judge enters an order that a sentence is to be served concurrently, such an order could not force the United States Marshal or the BOP to accept petitioner for service of his sentence under § 3585, or oblige the BOP to award sentence credits for time credited against a state sentence.

As petitioner does not allege that he has exhausted his administrative remedies, "it appears from the application that the applicant or person detained is not entitled" to any relief.   28 U.S.C. § 2243.  An order for the respondent to show cause need not issue.  The petition is dismissed without prejudice.

Appeals of habeas petitions under 28 U.S.C. § 2254 and motions under 28 U.S.C. § 2255 are governed by 28 U.S.C. § 2253 and require the district court to consider whether to issue a certificate of appealability.  <u>Lyons v. Ohio Adult Parole Auth.</u>, 105 F.3d 1063 (6th Cir. 1997).  Section 2253 does not apply to habeas petitions by federal prisoners under § 2241.  <u>McIntosh v. United States Parole Comm'n</u>, 115 F.3d 809, 810 (10th Cir. 1997); <u>Ojo v. I.N.S.</u>, 106 F.3d 680, 681-82 (5th Cir. 1997); <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).  Nevertheless, a habeas petitioner seeking to appeal is still obligated to pay the $105 filing fee required by 28 U.S.C. §§ 1913 and 1917.[4]  After the amendment of 28 U.S.C. § 1915 by the Prison Litigation Reform Act of 1995 (PLRA), Title VIII of Pub. L. 104-134, 110 Stat. 1321 (1996), it is unclear how habeas petitioners establish a right to proceed <u>in forma pauperis</u> and avoid this filing fee.

---

[4]      The fee for docketing an appeal is $100. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913.  Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the clerk of the district court, by the appellant or petitioner.

Although the Sixth Circuit has concluded that the various filing fee payment requirements and good faith certifications of amended § 1915 do not apply to § 2254 cases, it has not resolved whether these requirements apply to § 2241 cases.  Kincade v. Sparkman, 117 F.3d 949, 951-52 (6th Cir. 1997).  Cf. McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997)(instructing courts regarding proper PLRA procedures in prisoner civil-rights cases, without mentioning § 2241 petitions).

The Tenth Circuit, however, has held that the provisions of the PLRA do not apply to habeas cases of any sort or to § 2255 motions.  See McIntosh, 115 F.3d at 810; United States v. Simmonds, 111 F.3d 737, 743 (10th Cir. 1997).  Because the court finds the reasoning of McIntosh persuasive, and because the court finds that this conclusion naturally follows from the Sixth Circuit's decision in Kincade, the court concludes that the PLRA does not apply to § 2241 petitions.

Pursuant to Kincade, a petitioner must seek leave to proceed in forma pauperis from the district court under Fed. R. App. 24(a), which provides:

> A party to an action in a district court who desires to proceed on appeal in forma pauperis shall file in the district court a motion for leave to so proceed, together with an affidavit, showing, in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay fees and costs or to give security therefor, the party's belief that that party is entitled to redress, and a statement of the issues which that party intends to present on appeal.

The Rule further requires the district court to certify in writing whether the appeal is taken in good faith, and to deny the certificate if the appeal would be frivolous.

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the court to dismiss this petition as unexhausted also compel the conclusion that an appeal would be frivolous. It is therefore CERTIFIED, pursuant to F.R.A.P. 24(a), that any appeal in this matter by petitioner is not taken in good faith, and he may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this 29th day of May, 1998.

JULIA SMITH GIBBONS, Chief Judge
UNITED STATES DISTRICT COURT

10